UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABEL ROSAS,

           **ORDER**

        Petitioner,

           07-CV-2428

  -against-

ROBERT ERCOLE, Superintendent of Green
Haven Correctional Facility

        Respondent.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  On June 12, 2007, pro se Petitioner Abel Rosas filed the instant Petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Petition (Docket Entry #1).) In 2003, Petitioner was convicted in Queens County of two counts of murder in the first degree, two counts of murder in the second degree, and criminal possession of a weapon in the second degree. His petition raises two arguments – the same arguments that he presented to the New York Appellate Division on direct review: (1) he argues that various aspects of his sentence were contrary to state law; and (2) he argues that the detectives' failure to videotape Petitioner's interrogation deprived him of due process. Neither ground warrants federal habeas relief from this court.

  As to the first ground, the state courts already granted Petitioner the relief he seeks by modifying his sentence. See People v. Rosas, 30 A.D.3d 545 (N.Y. App. Div. 2006) (dismissing the two second-degree murder counts and directing that all of the remaining sentences run concurrently), aff'd, 8 N.Y.3d 493 (2007). Accordingly, this claim is moot and provides no basis for habeas relief.

  As to the second ground, the Appellate Division explicitly found that Petitioner "failed to preserve for appellate review the argument that his due process rights were violated by the

failure of the police to videotape his interrogation." Rosas, 30 A.D.3d at 545. Because the state court found that Petitioner's due process claim was unpreserved for appellate review, the decision rests on an independent and adequate state ground that bars a federal court from granting habeas relief.[1] Butler v. Cunningham, 313 F. App'x 400, 401 (2d Cir. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Petitioner has not satisfied either exception to this rule: he has demonstrated neither cause and prejudice,[2] nor demonstrated that a miscarriage of justice will result if this court does not consider his claim.[3] See Coleman, 501 U.S. at 750. Therefore, the due process claim has been procedurally defaulted and cannot be considered by this court.

Accordingly, the Petition for habeas corpus must be denied. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

---

[1] In addition to finding the claim unpreserved, the Appellate Division added, "His contention in this regard is, in any event, without merit." Rosas, 30 A.D.3d at 545 (citations omitted). This brief reference to the merits of Petitioner's argument does not lift the procedural bar the Appellate Division invoked in the sentence prior, however. An adequate and independent state law ground bars federal habeas review, "even where the state court has also ruled in the alternative on the merits of the federal claim." Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding.").

[2] Petitioner has not attempted to establish cause for his procedural default. Although attorney error that rises to the level of constitutionally ineffective assistance of counsel can constitute cause to excuse a procedural default, Murray v. Carrier, 477 U.S. 478, 488-89 (1986), the ineffective assistance claim must have been fairly presented to the state courts. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000). No such claim was presented to the state courts in this case.

[3] The "fundamental miscarriage of justice" exception essentially requires that a petitioner demonstrate that he is actually innocent of the crime for which he has been convicted. See Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002). To demonstrate "actual innocence" the petitioner must come forward with new evidence and "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). In this case, Petitioner neither claims actual innocence nor presents new evidence. Even if he were to make such a claim, it would be unlikely to satisfy the demanding Schlup standard. See House v. Bell, 547 U.S. 518, 538 (2006) ("[T]he Schlup standard is demanding and permits review only in the extraordinary case.").

would not be taken in good faith and, therefore, in forma pauperis status is denied for the

purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                           s/Nicholas G. Garaufis

Dated: Brooklyn, New York                       NICHOLAS G. GARAUFIS
      June _, 2010                              United States District Judge